United States District Court
Southern District of Texas
**ENTERED**
November 22, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CATRELL BAKARI, and BAKARI LOGISTICS, LLC, § § § § | |
| Plaintiffs, § | CIVIL ACTION NO. H-23-2265 |
| v. § § | |
| FILAMAR TRANSPORT LLC, § § | |
| Defendant. § § | |

**MEMORANDUM AND OPINION**

The plaintiff, Catrell Bakari, alleges that Filamar Transport, LLC denied his employment application because of racial animus, in violation of 42 U.S.C. § 1981. Bakari has moved to file electronically. (Docket Entry No. 2). The motion is denied. Filamar moves to dismiss under Rule 12(b)(6). (Docket Entry No. 7). Based on the pleadings, the motion, the response, and the applicable law, the motion is granted. The reasons are set out below.

**I.      Background**

Bakari alleges that he spoke on the phone with a Filamar recruiter about a job opening for a truck driver. (Docket Entry No. 1 at 2). After the call, Bakari alleges that Filamar sent him an online job application, which Bakari completed and submitted. (*Id.*). Bakari alleges that he did not hear back from Filamar for a month, despite repeatedly calling and texting Filamar to ask about the status of his application. (*Id.* at 2–3). Bakari alleges that Filamar eventually called him back and told him that he would be informed of a decision on his application later that day. (*Id.* at 3). He alleges that Filamar informed him weeks later, by text message, that his application was denied due to his "unstable employment history." (*Id.*).

Bakari alleges that Filamar denied his employment application because of his race, in violation of 42 U.S.C. § 1981. (*Id.* at 5–7). Bakari alleges that the "unstable employment history" explanation was false because the information available to Filamar showed that Bakari had "only had two employers" "within the past six years." (*Id.* at 4). Bakari alleges that Filamar made the decision not to hire him during the initial phone call, based on an inference from his voice that he was African American, and that "sending him the job application was a ruse to appear to be non-biased." (*Id.* at 6). Bakari alleges that Filamar knew that he was African American from the phone call because "[m]ost people can identify a persons [sic] origin or race based on a persons [sic] voice. It's not one hundred percent accurate but it gives a person an idea as to the race and or origin of a person." (*Id.* at 5–6). Bakari alleges that "the United States has a serious problem with racism. In fact America was literally built on racism. . . . [D]ue to the process of elimination one can reasonable [sic] believe that the discriminatory actions of [Filamar] was based on [Bakari]'s race." (*Id.* at 6). Bakari also argues that Filamar controlled the hiring decisions of other trucking companies that also declined to hire him.

## II.     The Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**III.   Analysis**

Section 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give

evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." Section 1981 has been interpreted to "afford[] a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975). "To prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. ----, 140 S. Ct. 1009, 1019 (2020).

Bakari has failed to allege facts supporting a reasonable inference that Filamar declined to hire him because of his race. Bakari alleges that Filamar made its decision on Bakari's job application before receiving the application, based on the sound of Bakari's voice over the telephone. (Docket Entry No. 1 at 5–6). Even if it could be reasonably inferred that Filamar knew Bakari's race from his voice, the ultimate conclusion that Filamar denied Bakari's on line application because of an earlier phone call with him because that phone call revealed his race does not rise "above the speculative level." *Cicalese*, 924 F.3d at 765 (quoting *Twombly*, 550 U.S. at 555). Bakari's argument that Filamar's rejection also caused all the other companies to which Bakari applied for employment to deny his application as well is even more speculative. (Docket Entry No. 1 at 10).

Finally, Bakari attempts to represent, *pro se*, both himself and his company, Bakari Logistics LLC. (Docket Entry No. 1). A corporate entity may be represented only by an attorney. *See Searcy v. Houston Lighting & Power Co.*, 907 F.2d 562, 564 (5th Cir. 1990). Bakari Logistics's claims are therefore dismissed without prejudice.

## IV. Conclusion

The motion to dismiss, (Docket Entry No. 7), is granted. Bakari's complaint is dismissed without prejudice. Bakari may file an amended complaint, no later than December 31, 2023, pleading any additional facts supporting an inference of race discrimination. Bakari's motion to file electronically, (Docket Entry No. 2), is denied.

SIGNED on November 22, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge