United States District Court
Southern District of Texas
**ENTERED**
February 28, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATRELL BAKARI, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-23-2265 |
| FILAMAR TRANSPORT LLC, | § § § | |
| Defendant. | § § § § | |

**MEMORANDUM AND OPINION**

The court previously dismissed, without prejudice, Catrell Bakari's claim under 42 U.S.C. § 1981 for failure to state a claim upon which relief can be granted. (Docket Entry No. 21). Bakari has filed an amended complaint, (Docket Entry No. 22), and the defendant, Filamar Transport LLC, has again moved to dismiss, (Docket Entry No. 24). Bakari has filed a response. (Docket Entry No. 28). He has also moved for summary judgment. (Docket Entry No. 27). Based on the pleadings, the motion, the response, and the applicable law, the motion to dismiss is granted. (Docket Entry No. 24). Bakari's motion for summary judgment is denied as moot. (Docket Entry No. 27). The reasons are set out below.

**I.      The Rule 12(b)(6) Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does

not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**II.     Analysis**

The court dismissed Bakari's original complaint because he failed to allege facts supporting a reasonable inference that Filamar declined to hire him because of his race, in violation of 42 U.S.C. § 1981.  (Docket Entry No. 21 at 3–4).  Bakari's amended complaint adds a hostile work environment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

Bakari's amended complaint, like his original complaint, fails to state a plausible § 1981 claim.  To state a claim under § 1981, a plaintiff must plead facts allowing for the reasonable inference that "but for race, [the plaintiff] would not have suffered the loss of a legally protected right."  *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. ----, 140 S. Ct. 1009, 1019 (2020).  Bakari argues that it is reasonable to infer that Filamar refused to hire him because of his race based on the following allegations: (1) Filamar never conducted a background check on Bakari; (2) Filamar took two months to inform Bakari of the hiring decision; (3) Filamar stated that Bakari was not hired because of his "work history," but Filamar has "no written nor stated policy" of disqualifying applicants based on work history; and (4) Filamar will "fail[] to properly manufacture a nondiscriminatory explanation for their actions."  (Docket Entry No. 22 at 4, 8, 14–15).  These allegations fail to implicate Bakari's race in the employment decision.

Bakari also fails to state a hostile work environment claim.  Bakari's own allegations are inconsistent with a plausible hostile work environment claim.  Bakari alleges that Filamar refused to hire him.  A plaintiff cannot bring a hostile work environment claim against a defendant that he did not work for.  *See Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) ("The basic premise of a Title VII case is that the plaintiff had an employment relationship with the defendant.").

**III.     Conclusion**

The motion to dismiss is granted. (Docket Entry No. 24). Bakari's claims are dismissed with prejudice because amendment would be futile. Bakari's motion for summary judgment is denied as moot. (Docket Entry No. 27). A final judgment will be entered separately.

SIGNED on February 28, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge